# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ariel Morales Bracho,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Las Vegas Justice Court Marshal,<br><br>　　　　　　　　Defendant. | Case No. 2:20-cv-01338-JAD-BNW<br><br>**ORDER** |

　　　　Before the court is plaintiff Ariel Morales Bracho's application to proceed in forma pauperis ("IFP") (ECF No. 4), filed on July 30, 2020.

　　　　Under 28 U.S.C. § 1915, a $350 filing fee and a $50 administrative fee (i.e., $400 total) is required to commence a civil action in district court. Under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil case "without prepayment of fees and costs or security therefor" if a person submits an affidavit including a statement of all assets that demonstrates the person is unable to pay the fees or give security for them. A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But the determination of whether plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

Here, plaintiff applied to proceed IFP and subsequently submitted two supplements. ECF Nos. 5 & 6. The Court will determine whether to allow plaintiff to proceed IFP using plaintiff's latest supplement.

The Court has two problems with plaintiff's application.

First, according to plaintiff's latest supplement, plaintiff takes home $820 each month as a part-time employee. ECF No. 6 at 1. However, plaintiff also states that his last day of work was March 11, 2020. *Id.* These two representations are inconsistent with one another, given that plaintiff's latest supplement was filed on August 14, 2020.

Second, under "other sources" of income, plaintiff lists $1,044 in unemployment and $2,164 in "COVID-19 help." *Id.* at 1. However, it is unclear to the Court whether this sum represents how much money plaintiff has received in total or how much plaintiff is **currently** receiving from these sources. The application requires plaintiff to "state the amount you received [from other sources] **and what you expect to receive in the future.**" *Id.* at 1 (emphasis added). The Court will require plaintiff to clearly articulate (1) how much money he or she received from these "other sources" and (2) how much money he or she expects to continue to receive from these other sources in the future **on a weekly or monthly basis.**

If plaintiff elects to file a new IFP application, the Court encourages plaintiff to be as clear as possible because it cannot exercise its discretion to grant IFP status until it is fully apprised of plaintiff's financial circumstances. For now, plaintiff's application to proceed IFP will be denied, and the Court will not screen the complaint until this IFP matter is resolved.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 4) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff must either pay the $350.00 filing fee, plus the $50.00 administrative fee, within 30 days from the date of this order **or** file a new, completed application to proceed IFP.

IT IS FURTHER ORDERED that plaintiff's failure to timely comply with this order will result in a recommendation to the district judge that this case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send plaintiff a new copy of an IFP application (form AO 240).

DATED: September 25, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE